CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 22 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TOLLIE D. MOORE, | ) | CASE NO. 4:08CV00032 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | By:  B. Waugh Crigler |
| | ) |        U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 27,

2006 protectively-filed applications for a period of disability, disability insurance benefits, and

supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42

U.S.C. §§ 416, 423 and 1381 et seq., has been transferred to this court under authority of 28

U.S.C. § 636(c)(2).  The questions presented are whether the Commissioner's final decision is

supported by substantial evidence, or whether there is good cause to remand for further

proceedings.  42 U.S.C. § 405(g).  For the reasons that follow, an Order will enter GRANTING

the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final

decision, and DISMISSING this action from the docket of the court.

In a decision issued on January 24, 2008, an Administrative Law Judge ("Law Judge")

found that plaintiff had not engaged in substantial gainful activity since his alleged disability

onset date, April 27, 2006, and that he was insured for benefits through December 31, 2011.  (R.

16.)  The Law Judge determined plaintiff had the following severe impairments:  back

impairment, obesity, and depression.  (Id.)  The Law Judge found he did not have an impairment

or combination of impairments which met a listed impairment.  (Id.)  The Law Judge found that

plaintiff, a younger individual[1], had the residual functional capacity ("RFC") to perform a range

of sedentary work. (R. 18, 22.) Specifically, the Law Judge found that plaintiff could lift up to

ten pounds; stand/walk two hours in an eight-hour workday; and sit six hours in an eight-hour

workday, but he would need to sit/stand for brief stretch breaks two to three times more per day

than scheduled breaks. (R. 18. ) It was found plaintiff could occasionally stoop, kneel, crouch

and crawl, and that he should not work at heights or climb ladders, ropes or scaffolds. (*Id.*)

Finally, the Law Judge found that plaintiff's moderately reduced concentration limited him to

simple non-complex tasks. (R. 18.) The Law Judge concluded this RFC precluded plaintiff from

performing his past relevant work ("PRW")[2], but that other jobs exist in significant numbers in

the national economy that he could perform[3]. (R. 22-23.) Thus, the Law Judge ultimately found

he was not disabled under the Act. (R. 24.)

Plaintiff appealed the Law Judge's January 24, 2008 decision to the Appeals Council. (R.

6-8.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to

review the decision, denied review, and adopted the Law Judge's decision as the final decision of

the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing

---

[1]Plaintiff was born on July 19, 1962 and was forty-three years old on his alleged onset date. (R. 22.) Under the Regulations, an individual less that fifty years old is a "younger person." 20 C.F.R. §§ 404.1563(c) and 416.963(c).

[2]Plaintiff's PRW consists of work as coal miner, lumber stacker, box stacker, and truck driver. (R. 22.) Plaintiff's jobs as coal miner, lumbar stacker, and box stacker were heavy exertional, and his job as a truck driver was medium exertional. (*Id.*)

[3]The Law Judge noted that the vocational expert ("VE") testified that the following sedentary jobs were representative of positions found in significant numbers in the national economy that someone with plaintiff's RFC could perform: office clerk, truck driver, order clerk, bench worker, and information clerk. (R. 23, 362-363.)

symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in his RFC finding.[4] (Pl's Brief, pp. 6-10.) Specifically, plaintiff contends that the Law Judge failed to give proper credit to his physical and mental limitations, and the substantial weight of the evidence contradicts the Law Judge's RFC finding. (*Id.*) Finally, plaintiff contends that he is unable to perform substantial gainful activity at any exertional level, and as such, he is disabled. (Pl's Brief, p. 10.)

The Law Judge found that plaintiff could perform a range of sedentary work and was limited to simple non-complex tasks. (R. 18.) Plaintiff could lift up to ten pounds; stand/walk two hours in an eight-hour workday; and sit six hours in an eight-hour workday, but he would need to sit/stand for brief stretch breaks two to three times more per day than scheduled breaks. (*Id.*) Plaintiff could occasionally stoop, kneel, crouch and crawl, and he should not work at heights or climb ladders, ropes or scaffolds. (*Id.*) This RFC finding is supported by substantial evidence.

J. Travis Burt, M.D. served as plaintiff's treating physician for his back impairment. (R.

---

[4] "Residual functional capacity" is defined as that which an individual is still able to do despite the limitations caused by his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a).

211-222, 310.) On January 6, 2006, Dr. Burt allowed plaintiff to return to work with a ten-pound lifting restriction. (R. 221.) The physician cleared plaintiff to return to work with a thirty-pound lifting restriction on February 8, 2006. (R. 217.) On March 21, 2006, plaintiff was cleared to return to work with no restriction. (R. 216.) Thereafter, plaintiff remained cleared by his treating doctor to work *without restriction.* (R. 213, 214, 310.)

The record reviewing physician's opinion supports the Law Judge's finding that plaintiff could perform a range of sedentary work. (R. 199-210.) Frank M. Johnson, M.D. evaluated plaintiff's medical records and opined that plaintiff's allegations were not fully credible and that he retained the capacity to perform light exertional work.[5] (R. 204, 210.) Thus, the Law Judge's RFC finding is even more restrictive than the State agency record reviewing physician's opinion.

The Law Judge's RFC finding that plaintiff's mental impairments limited him to the performance of simple non-complex tasks is also supported by substantial evidence. James D. Kegley, M.S., a treating source, found that plaintiff had the necessary independent living skills and was able to complete all activities of daily living and independent living with no intervention. (R. 248-249.)

The record review performed by Joseph I. Leizer, Ph.D. is also consistent with the Law Judge's finding that plaintiff could perform simple non-complex tasks. In his evaluation, Dr. Leizer opined that plaintiff suffered with a depressive disorder and that any functional limitations he suffered were not severe. (R. 184-198.) The psychologist believed plaintiff could perform the mental demands of all work levels. (R. 198.)

Next, plaintiff argues that the Law Judge failed to give proper weight to findings of B.

---

[5]If a claimant can perform light exertional work, he or she can also perform sedentary work. 20 C.F.R. §§ 404.1567(b), 416.967(b).

Wayne Lanthorn, Ph.D. (Pl's Brief, pp. 10-12.) Specifically, plaintiff contends that if the Law Judge had given the psychologist's findings proper weight, he would have been compelled to find that plaintiff's mental impairments render him disabled. (Pl's Brief, p. 12.)

Under the Regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005).

Dr. Lanthorn evaluated plaintiff on September 18, 2007. (R. 292-303.) The psychologist found that plaintiff had a current GAF of 50-55[6] and that his IQ scores placed him in the borderline intellectual functioning range. (R. 299-300.) Dr. Lanthorn further found that plaintiff suffered a chronic pain disorder associated with both psychological factors and general medical conditions; recurrent major depressive disorder, but moderate; and a generalized anxiety disorder. (R. 299.) In assessing his mental capacity to perform work-related activities, Dr. Lanthorn opined that plaintiff's abilities in the following areas were poor or none[7]: relate to co-workers, deal with public, use judgment with the public, interact with supervisors, deal with

---

[6]The GAF ranks psychological, social, and occupational functioning on a hypothetical continuum of mental illness ranging from zero to 100. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (Text Revision 4th ed 2000) ( *DSM-IV* ). A GAF of 51-60 indicates "moderate" symptoms or difficulties. *Id.* at 34.

[7]The form filled out by Dr. Lanthorn defines the term "poor or none" as meaning no useful ability to function in this area. (R. 301.)

work stressses, and maintain concentration. (R. 301.) Dr. Lanthorn concluded that it would be extremely difficult for plaintiff to function in a competitive job for a forty-hour week due to the severity of his psychopathology and limitations. (R. 300.)

The Law Judge determined that Dr. Lanthorn's assessment was entitled to "little weight" because it was based on a one-time consultation and self-reported symptoms and was inconsistent with plaintiff's treatment records. (R. 21-22.) It is true that Dr. Lanthorn saw plaintiff on only one occasion. In contrast, plaintiff received ongoing mental health treatment at Wise County Behavior Health, where it was determined that he possessed the necessary independent living skills for, and was able to complete, all activities of daily living and independent living with no intervention. (R. 248-249.) Morever, Dr. Lanthorn's views are inconsistent with the views of Dr. Leizer, a record reviewing psychologist, who found that plaintiff could perform the mental demands of all levels of work. (R. 198.) Finally, while Dr. Lanthorn's findings purport to be adduced, in part, from information contained in plaintiff's medical records, those records hardly support his views. In fact, Dr. Lanthorn's opinion seems to stand alone in the medical record.

For all these reasons, an Order will enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

_7-22-09_____
Date